### MORAN TOWING & TRANSPORTATION CO. v. CRANFORD CO.

(Circuit Court of Appeals, Second Circuit. June 8, 1921.)

No. 233.

**Admiralty ⬥117—Decree not reversed because of exclusion of competent testimony, there being trial de novo on appeal.**

The Circuit Court of Appeals will not reverse a decree because of error in excluding competent testimony in an admiralty case, thus presupposing that such testimony would have proved the point, for in an admiralty suit on appeal there is a trial de novo.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by the Moran Towing & Transportation Company against the Cranford Company. Decree for libelant, and respondent appeals. Affirmed.

Harrington, Bigham & Englar, of New York City (Vine H. Smith, of New York City, of counsel), for appellant.

Macklin, Brown, Purdy & Van Wyck, of New York City (Pierre M. Brown and William F. Purdy, both of New York City, of counsel), for appellee.

Before WARD, ROGERS, and MANTON, Circuit Judges.

MANTON, Circuit Judge. This libel was filed in personam by the appellee, seeking to recover damages for breach of contract which resulted in injury to the scow Geraldine on August 17, 1916. The appellant was engaged in the construction of a subway under Flatbush avenue in the borough of Brooklyn, New York City. On May

28, 1914, it executed a contract with the appellee, whereby the appellee agreed to provide scows and dumpers and receive excavated material at appellant's slip on Gowanus Canal, near Ninth street, in the borough of Brooklyn, city of New York. The contract provided that the appellant would provide a berth at its dock for the loading of the scows and dumpers, where "there will be sufficient depth of water to float scows and dumpers at all stages of the tide."

The theory of the libel is that the appellant's slip was not of ample depth, and that, beginning with the removal of the dirt from the pier, it became necessary from time to time to dredge out the slip because the excavated material, in loading, would drop into the canal. On August 15, 1916, the scow Geraldine was placed alongside the appellant's dock on the Ninth street slip for the purpose of receiving excavated material. The loading was commenced on the 16th and was continued on the 17th; on the afternoon of the 17th the scow was found grounded and leaking. She had six inches of water in her and proved to be two-thirds loaded. She grounded first at the bow, and there was considerable leaking at the stern. About 15 or 20 minutes after she had grounded, a tug tried unsuccessfully to pull her away into deep water. She settled further and continued to leak rapidly. The pumping proved unavailing, and eventually her bottom planks and other parts amidships broke. It proved that the bottom at this point was too shallow at low tide, and this was the cause of the damage.

The contract between the parties provided that the libelant was "to supply the necessary boats, known as dumpers and derrick scows, and bring them alongside of the dock of the Cranford Company, in a position to receive the earth, sand, and gravel, and, when the same have been loaded and trimmed aboard the said scows by the Cranford Company, dispose of said earth," and further "the Cranford Company agrees that they will provide berth at its dock for the loading of the above-mentioned boats, where there will be sufficient depth of water to float scows and dumpers at all stages of the tide." There was sufficient evidence to warrant the finding of the District Judge below that the cause of the injury was the failure to carry out the provisions of the contract requiring appellant to provide a berth with water of sufficient depth to float scows and dumpers at all stages of the tide.

Hope for success on this appeal is based upon alleged error committed below in the trial court excluding testimony offered by the appellant tending to show that shallowness of the slip was caused entirely by the leakage of the excavating materials from the scows and dumpers which came to the slip. The contract provided that the obligation to keep a sufficient depth of water was upon the appellant and failure to carry out the provisions of the contract made the appellant primarily liable. Healey v. Moran Towing Co., 253 Fed. 334, 165 C. C. A. 116. It is contended that the court excluded testimony offered by the appellant tending to show that the appellee's boats leaked the materials which were placed upon them, and that this filled up the bottom of the slip. This court will not reverse a decree because of error in excluding competent testimony in an admiralty case, for that would presuppose that the testimony offered would have actually

proved the point sought to the satisfaction of the court. If counsel felt aggrieved by the exclusion of this testimony, they could have moved before this court to take such testimony, for in an admiralty suit on appeal, there is a trial de novo.

The appellee's duty under the contract was to deliver the boats alongside the dock in a position to receive the earth, and if it became necessary thereafter to shift the scow, it was the duty of the appellant to do so, and to load and trim the scow, and then provide sufficient water at all tides to permit reasonably safe navigation. We think the court below committed no error in granting a decree to the appellee.

Decree affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes